ALICE M. BATCHELDER, Chief Judge,
concurring.
I join the majority opinion in full, and I write separately only to highlight an ambiguity in Ohio case law, without which this case would be much simpler. The Ohio Supreme Court makes clear that a sentence imposed without post-release control is void; that court has failed to clarify, however, exactly which portion of the sentence is void, or why the court even uses the term “void” at all. It appears to me, after reviewing the Ohio Supreme Court’s cases on the subject, that the trial court’s failure to follow Ohio’s requirements for imposing post-release control renders only the post-release control element void; it does not eliminate the finding of guilt or the prison term sentence. See Ohio v. Biondo, 2009 WL 5176657, at *8 (Ohio Ct.App. Dec. 31, 2009) (“[Notwithstanding the court’s regular conclusion that improper post-release control notification functions to void the sentence, it appears that a prison term can be seen ... as a sentence unto itself.... The sentence (and, perhaps, more importantly, the conviction) survives.... ”). It would be helpful if the Ohio Supreme Court would say as much explicitly.